UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ALBERT HUDSON, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06CV00868 AGF |
| | ) | |
| DAVE DORMIRE, | ) | |
| | ) | |
| Respondent, | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the petition of Missouri state prisoner Albert Hudson for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Respondent argues that the petition is time-barred by the one-year statute of limitations of 28 U.S.C. § 2244(d)(1). For the reasons set forth below, this Court concludes that Petitioner's action is untimely.

## **BACKGROUND**

Petitioner was convicted by a jury of one count of first-degree burglary and one count of attempt to commit forcible rape, committed on February 9, 1994. He was sentenced on January 10, 1995, as a prior offender, to consecutive terms of imprisonment of 15 years and 25 years, respectively. Pet.'s Ex. C. On May 1, 1995, Petitioner filed a motion for state post-conviction relief. The motion was denied on July 15, 1997, and

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

Petitioner filed a consolidated appeal of that denial as well as of his convictions, under then-applicable Missouri Supreme Court Rule 29.15. On May 27, 1998, the Missouri Court of Appeals affirmed Petitioner's convictions and the denial of post-conviction relief. Pet.'s Exs. Doc. #15 p. 29 - Doc. #16 p. 7. The appellate court held that, among other things, the evidence at trial was sufficient to support the convictions. According to the appellate court, the evidence that Petitioner was the perpetrator consisted of boot prints in fresh snow leading from the victim's residence to a residence where Petitioner and another man were found soon after the crimes; wet boots found in Petitioner's room that matched the prints; a dark hooded sweatshirt found in Petitioner's room that matched the victim's description of one worn by the perpetrator; and a hair found on a "sock cap" at the scene of the crimes, which was consistent with hair samples given by Petitioner. When asked at trial about the cap, Petitioner testified that he had not worn it the day of the crimes, but that it had been at his house.

The state appellate court also rejected Petitioner's arguments that the trial court committed plain error in submitting a faulty verdict director on the rape charge, and in allowing the forensic scientist to testify about the hair identification notwithstanding Petitioner's claim that the procedure used was not shown to have gained general acceptance in the scientific community. Lastly, the appellate court denied Petitioner's claim of ineffective assistance of trial counsel in telling Petitioner that he had to testify.

On August 29, 2005, Petitioner filed a motion under Missouri Supreme Court Rule 29.05 to set aside, correct, or reduce his sentence. Only the first page of this motion is in

the record, Pet.'s Exs. Doc. #16 p. 23, but in his federal habeas petition, Petitioner states that the grounds he raised in this motion were that his sentences were excessive and disproportionate. The motion was summarily denied on September 8, 2005. Id.

The present habeas action was filed on June 5, 2006. Petitioner claims that his constitutional rights were violated because there was insufficient evidence to support his conviction of attempted rape, the forensic scientist's testimony was inadmissible, the verdict director on the rape charge was defective, and trial counsel was ineffective in several ways. Petitioner also asserts that within the past four months "new[ly] discovered material evidence has emerged" supporting his claim of actual innocence. This evidence is a letter to Petitioner's trial counsel from the forensic laboratory, dated November 18, 1994, which was nine days before Petitioner's trial. The letter states that Petitioner could not be eliminated as the source for one hair found on the cap, although there were seven other hairs on the cap that were not Petitioner's. Petitioner alleges that his trial attorney did not show him this letter and did not use it at trial, and that Petitioner saw the letter for the first time after writing to the state Public Defender's Office 12 years after his trial for all the records related to his convictions. Petitioner argues that had the contents of the letter been made known to the jury, no reasonable juror would have found him guilty.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides for a one-year statute of limitation for the filing of a federal habeas petition by a state prisoner, with the limitations period running from the latest of four dates, including the

date on which the state conviction became final and the date on which "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A), (D).[2] In the Eighth Circuit, a conviction becomes final for purposes of § 2244(d)(1)(A) at "the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition [for a writ of certiorari]." Curtiss v. Mount Pleasant Corr. Facility, 338 F.3d 851, 853 (8th Cir. 2003) (citations omitted). Under United States Supreme Court Rule 13, a defendant has 90 days from the date of entry of judgment in a state court of last resort to file a petition for a writ of certiorari. Thus, the one-year statute of limitations for filing a federal habeas petition in the present case as to all claims except any claims based upon newly discovered evidence,[3] began to run on August 26, 1998, 90 days after Petitioner's convictions were affirmed on direct appeal.

AEDPA contains the following tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of

---

[2] The other two dates listed are not relevant here.

[3] This Court believes that the Third Circuit correctly held in Fielder v. Varner, 379 F.3d 113, 118-19 (3d Cir. 2004), that the statute of limitations set out in § 2244(d)(1) should be applied on a claim-by-claim basis. But see Walker v. Crosby, 341 F.3d 1240, 1243 (11th Cir. 2003) (individual claims within single habeas petition could not be viewed separately for timeliness). In any event, as will be discussed above, the Court concludes that here the "newly discovered evidence" claim is also untimely.

4

limitation under this subsection." 28 U.S.C. § 2244(d)(2). Petitioner's August 29, 2005 Rule 29.05 motion was filed years after his one year to seek federal habeas relief had ended, and thus cannot be the basis for tolling. See Curtiss, 338 F.3d at 854-55 (holding that a state post-conviction motion filed after the one-year limitation period had expired does not toll the statute of limitations; Gray v. Gammon, 283 F.3d 917, 918 (8th Cir. 2002) (same); Campos v. Murphy, No. 4:04CV142 RWS, 2006 WL 2917365, at *3 (E.D. Mo. Oct. 11, 2006) (same).

Besides statutory tolling, the one year may be equitably tolled when "extraordinary circumstances" beyond the habeas petitioner's control have made it impossible for him to file a timely federal petition, or when the respondent's conduct has lulled the petitioner into inaction. Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000). This doctrine, however, gives a habeas petitioner "an exceedingly narrow window of relief." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (holding that petitioner's inability to obtain counsel to represent him in pursuit of state post-conviction relief and failure of defense counsel to send petitioner his trial transcript until approximately eight months after his conviction was affirmed on direct appeal were not extraordinary circumstances beyond petitioner's control); see also Preston v. Iowa, No. 99-3261, 2000 WL 995013, at *1 (8th Cir. July 20, 2000) (per curiam) (refusing to apply equitable tolling in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources); Kreutzer, 231 F.3d at 463 (holding

that counsel's confusion about applicable statue of limitations does not warrant equitable tolling).

Here Petitioner has not asserted that anything made it impossible for him to file his habeas petition by August 26, 1998. The Court notes that in connection with his request for appointment of counsel in this habeas action, Petitioner alleged that he has learning disabilities resulting in reading skills at the junior high school level, and mental disorders, including schizophrenia, major depression recurrent, and paranoid personality disorder, and that he has been on various psychotropic drugs throughout his imprisonment. Doc. #19 (and supporting documentation). Nevertheless, Petitioner's habeas petition and extensive supporting arguments are coherent and articulate, and there is no assertion or indication that he could not have filed such a petition on time. Accordingly, the Court concludes that Plaintiff's asserted mental impairments do not excuse his late filing. See Collins v. Scurr, No. 99-3775, 2000 WL 1341544, at *1 (8th Cir. Sept. 19, 2000) (per curiam) (refusing to apply equitable tolling where petitioner did not make a showing that he diligently pursued his habeas petition after his state post-conviction motion was denied and still could not complete it on time due to mental incompetency) .

The Court concludes that Petitioner's claim based upon the "newly discovered" November 18, 1994 letter from the forensic scientist is also untimely. The one year permitted under § 2244(d)(1)(D) for claims whose factual predicate could not have been discovered runs from when the relevant facts could have been discovered through diligent inquiry, not from when they were actually discovered or their significance realized. See

6

Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2001). "The burden is on the petitioner to persuade the court that he exercised due diligence." Frazier v. Rogerson, 248 F. Supp. 2d 825, 833 (N.D. Iowa 2003).

Here, Petitioner does not explain why he could not have requested his criminal records and filed for habeas relief on time, rather than waiting 12 years from his conviction to do so. The Court concludes that Petitioner has failed to meet his burden of showing due diligence. Cf. Townsend v. Lafler, 99 Fed. Appx. 606, 609 (6th Cir. May 14, 2004) (holding that police report received by Petitioner from his trial counsel after petitioner's right to appeal "was denied," was not "new" evidence and did not support tolling under §2244(d)(1)(D)). Plaintiff's claim that the November 18, 1994 letter establishes his actual innocence is of no avail. See Flanders v. Graves, 299 F.3d 974, 976-77 (8th Cir. 2002) (holding that a claim of actual innocence was not sufficient to toll the statute of limitations when nothing prevented the petitioner from filing within the limitations period); Baker v. Norris, 321 F.3d 769, 772 (8th Cir. 2003) (holding that a claim of actual innocence did not warrant equitable tolling where petitioner did nothing for many years after his conviction became final to look beyond bad advice appellate counsel allegedly provided).

## **CONCLUSION**

Petitioner's habeas action was not filed within the statute of limitations and equitable tolling of the limitations period is not warranted.

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Albert Hudson for federal habeas corpus relief is **DISMISSED** as time-barred.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED** as moot.

A separate Judgment shall accompany this Memorandum and Order.

                                      */s/ Audrey G. Fleissig*
                                      AUDREY G. FLEISSIG
                                      UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of January, 2007.