UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ALBERT HUDSON, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) | Case No. 4:06CV00868 AGF |
| DAVE DORMIRE, | ) |  |
| Respondent, | ) |  |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the petition of Missouri state prisoner Albert Hudson for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(c). Respondent argues that the petition is time-barred by the one-year statute of limitations of 28 U.S.C. § 2244(d)(1). Upon review of the entire record, including supplemental pleadings filed by the parties, the Court concludes that Petitioner's action must be dismissed as untimely.

## **BACKGROUND**

Petitioner was convicted by a jury of one count of first-degree burglary and one count of attempt to commit forcible rape. The crimes were committed on February 9, 1994. Petitioner was sentenced on January 10, 1995, as a prior offender, to consecutive terms of imprisonment of 15 years and 25 years, respectively. Pet. Ex. C. On May 1, 1995, Petitioner filed a motion for state post-conviction relief. The motion was denied on

July 15, 1997, and Petitioner filed a consolidated appeal of that denial as well as of his convictions, under then-applicable Missouri Supreme Court Rule 29.15.  On May 27, 1998, the Missouri Court of Appeals affirmed Petitioner's convictions and the denial of post-conviction relief.  Pet. Exs. Doc. #15 p. 29 - Doc. #16 p. 7.  The appellate court held that, among other things, the evidence at trial was sufficient to support the convictions.  According to the appellate court, the evidence that Petitioner was the perpetrator consisted of boot prints in fresh snow leading from the victim's residence to a residence where Petitioner and another man were found soon after the crimes; wet boots found in Petitioner's room that matched the prints; a dark hooded-sweatshirt found in Petitioner's room that matched the victim's description of one worn by the perpetrator; and a hair found on a "sock cap" at the scene of the crimes, which was consistent with hair samples given by Petitioner.  When asked at trial about the cap, Petitioner testified that he had not worn it the day of the crimes, but admitted that it had been at his house.

      The state appellate court also rejected Petitioner's arguments that the trial court committed plain error in submitting a faulty verdict director on the rape charge; and in allowing a forensic scientist to testify about the hair identification, notwithstanding Petitioner's claim that the procedure used was not shown to have gained general acceptance in the scientific community.  Lastly, the appellate court denied Petitioner's

claim of ineffective assistance of trial counsel in allegedly telling Petitioner that he had to testify.

On August 29, 2005, Petitioner filed a motion under Missouri Supreme Court Rule 29.05 to set aside, correct, or reduce his sentence. Only the first page of this motion is in the record, Pet. Exs. Doc. #16 p. 23, but in his federal habeas petition, Petitioner states that the grounds he raised in this motion were that his sentences were excessive and disproportionate. The motion was summarily denied on September 8, 2005. Id.

The present habeas action was filed on June 5, 2006. Petitioner claims that his constitutional rights were violated because there was insufficient evidence to support his conviction of attempted rape, the forensic scientist's testimony was inadmissible, the verdict director on the rape charge was defective, and trial counsel was ineffective in several ways. Petitioner asserts that within the past four months "new[ly] discovered material evidence has emerged" supporting his claim of actual innocence. This evidence is a letter to Petitioner's trial counsel from the forensic laboratory, dated November 18, 1994, which was nine days before Petitioner's trial. The letter states that Petitioner could not be eliminated as the source for one hair found on the cap, although there were seven other hairs on the cap that were not Petitioner's. Petitioner alleges that his trial attorney did not show him this letter and did not use it at trial, and that Petitioner saw the letter for the first time after writing to the state Public Defender's Office 12 years after his trial for

3

all the records related to his convictions. Petitioner argues that had the contents of the letter been made known to the jury, no reasonable juror would have found him guilty.

In supplemental pleadings, Petitioner argues that his petition is not time-barred because a state impediment prevented him from filing the petition on time, namely, ineffective assistance of direct appeal counsel, who told him no new evidence could be presented in the appeal, and ineffective assistance of post-conviction counsel. Petitioner also argues that the one year should be equitably tolled because manifest injustice would result if relief is not granted, and that he is actually innocent. Petitioner argues that there was insufficient evidence to support his attempted rape conviction in that the evidence that his hair was on the cap in question was "deficient in weight and credibility." He asserts that the forensic testimony that one hair matched his own was fraudulent and contrary to generally accepted scientific principles, because the laboratory in question was ill-equipped to conduct DNA testing at the time. Petitioner also refers to Brady v. Maryland, 373 U.S. 83 (1982), and argues that his rights thereunder were violated because the seven exculpatory hairs were "withheld," in that the forensic expert did not testify about them or mention them in his expert report. Finally, Petitioner argues that the doctrine of laches does not bar his habeas action because Respondent has not shown any prejudice by his delay in filing the action. Petitioner asserts that he is entitled to an evidentiary hearing on his claims.

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides for a one-year statute of limitation for the filing of a federal habeas petition by a state prisoner. Section 28 U.S.C. § 2244(d)(1), requires that the federal petition be filed within one year from the latest of four dates, including:

> (A) the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> \* \* \*
>
> or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In the Eighth Circuit, a conviction becomes final for purposes of § 2244(d)(1)(A) at "'the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition [for a writ of certiorari].'" Curtiss v. Mount Pleasant Corr. Facility, 338 F.3d 851, 853 (8th Cir. 2003) (citations omitted). Under United States Supreme Court Rule 13, a defendant has 90 days from the date of entry of judgment in a state court of last resort to file a petition for a writ of certiorari. Thus, the one-year statute of limitations for filing a federal habeas petition in the present case as to all

5

claims, except any claims based upon newly discovered evidence,[1] began to run on August 26, 1998, which was 90 days after Petitioner's convictions were affirmed on direct appeal.  See Pierson v. Dormire, ___F.3d ___, 2007 WL 984104, at *6-8 (8th Cir. April 4, 2007).

AEDPA contains the following tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  Petitioner's August 29, 2005 Rule 29.05 motion was filed years after his one year to seek federal habeas relief had ended, and thus cannot be the basis for tolling.  See Curtiss, 338 F.3d at 854-55 (holding that a state post-conviction motion filed after the one-year limitation period had expired does not toll the statute of limitations; Gray v. Gammon, 283 F.3d 917, 918 (8th Cir. 2002) (same); Campos v. Murphy, No. 4:04CV142 RWS, 2006 WL 2917365, at *3 (E.D. Mo. Oct. 11, 2006) (same).

---

[1] This Court believes that the Third Circuit correctly held in Fielder v. Varner, 379 F.3d 113, 118-19 (3d Cir. 2004), that the statute of limitations set out in § 2244(d)(1) should be applied on a claim-by-claim basis.  But see Walker v. Crosby, 341 F.3d 1240, 1243 (11th Cir. 2003) (individual claims within single habeas petition could not be viewed separately for timeliness).  In any event, as will be discussed above, the Court concludes that here the "newly discovered evidence" claim is also untimely.

Besides statutory tolling, the one year may be equitably tolled when a petitioner establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGugliemo, 544 U.S. 408, 418 (2005); Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000). This doctrine, however, gives a habeas petitioner "an exceedingly narrow window of relief." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (holding that petitioner's inability to obtain counsel to represent him in pursuit of state post-conviction relief and failure of defense counsel to send petitioner his trial transcript until approximately eight months after his conviction was affirmed on direct appeal were not extraordinary circumstances beyond petitioner's control); see also Preston v. Iowa, No. 99-3261, 2000 WL 995013, at *1 (8th Cir. July 20, 2000) (per curiam) (refusing to apply equitable tolling in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources); Kreutzer, 231 F.3d at 463 (holding that counsel's confusion about applicable statue of limitations does not warrant equitable tolling).

Here Petitioner has not asserted that anything made it impossible for him to file his habeas petition by August 26, 1998. The Court notes that in connection with his request for appointment of counsel in this habeas action, Petitioner alleged that he has learning disabilities resulting in reading skills at the junior high school level, and mental disorders, including schizophrenia, major depression recurrent, and paranoid personality disorder,

7

and that he has been on various psychotropic drugs throughout his imprisonment. Doc. #19 (and supporting documentation). Nevertheless, Petitioner's habeas petition and extensive supporting arguments are coherent and articulate, and there is no assertion or indication that he could not have filed such a petition on time. Accordingly, the Court concludes that Plaintiff's asserted mental impairments do not excuse his late filing. See Collins v. Scurr, No. 99-3775, 2000 WL 1341544, at *1 (8th Cir. Sept. 19, 2000) (per curiam) (refusing to apply equitable tolling where petitioner did not make a showing that he diligently pursued his habeas petition after his state post-conviction motion was denied and still could not complete it on time due to mental incompetency).

The Court further concludes that Petitioner's claim based upon the "newly discovered" November 18, 1994 letter from the forensic scientist is also untimely. The one year permitted under § 2244(d)(1)(D) for claims whose factual predicate could not have been discovered runs from when the relevant facts could have been discovered through diligent inquiry, not from when they were actually discovered or their significance realized. See Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2001). "The burden is on the petitioner to persuade the court that he has exercised due diligence." Frazier v. Rogerson, 248 F. Supp. 2d 825, 833 (N.D. Iowa 2003). Similarly, the Court concludes that Petitioner's claim based upon the alleged newly uncovered evidence concerning the laboratory's technology for DNA testing does not render his federal habeas petition timely or warrant equitable tolling.

Petitioner does not explain why he could not have requested his criminal records and filed for habeas relief on time, rather than waiting 12 years from his conviction to do so. The Court concludes that Petitioner has failed to meet his burden of showing due diligence. Cf. Townsend v. Lafler, 99 Fed. Appx. 606, 609 (6th Cir. May 14, 2004) (holding that police report received by Petitioner from his trial counsel after petitioner's right to appeal "was denied," was not "new" evidence and did not support tolling under §2244(d)(1)(D)). Plaintiff's claim that the November 18, 1994 letter establishes his actual innocence is of no avail. See Flanders v. Graves, 299 F.3d 974, 976-77 (8th Cir. 2002) (holding that a claim of actual innocence was not sufficient to toll the statute of limitations when nothing prevented the petitioner from filing within the limitations period); Baker v. Norris, 321 F.3d 769, 772 (8th Cir. 2003) (holding that a claim of actual innocence did not warrant equitable tolling where petitioner did nothing for many years after her conviction became final to look beyond bad advice appellate counsel allegedly provided). To the extent that Petitioner is raising a claim under Brady, that evidence about the eight hairs was known to the State but withheld from defense counsel, this claim also is time-barred for the same reasons noted above.

Petitioner's argument that his federal habeas petition should be deemed timely due to the "impediments" erected by the State in not providing him with adequate legal assistance on direct appeal and in the post-conviction proceedings is without merit. A petitioner relying § 2244(d)(1)(B) for the limitations period must allege facts that

9

establish that he "'was so inhibited by the State's action that he was unable to file and state a legal cause of action before the limitation period expired.'" Neuendorf v. Graves, 110 F. Supp. 2d 1144, 1153 (N.D. Iowa 2000) (citation omitted); see also Lloyd v. Vannatta, 296 F.3d 630, 633 (7th Cir. 2002) (holding that although § 2244 does not define what constitutes an "impediment" for purposes of § 2244(d)(1)(B), "the plain language of the statute makes clear that whatever constitutes an impediment must prevent a prisoner from filing his petition"). Petitioner has not met this standard here.

The doctrine of laches, which was codified in Rule 9(a) of the Rules Governing Section 2254 cases, has been supplanted by the one-year statute of limitations; thus, Respondent need not show prejudice from Petitioner's failure to file the present action on time. See Nichols v. Bowersox, 172 F.3d 1068, 1071 n.3 (8th Cir. 1999).

With regard to Petitioner's request for an evidentiary hearing, AEDPA "sharply limits a federal district court's power to conduct an evidentiary hearing." Perry v. Kemna, 356 F.3d 880, 889 (8th Cir. 2004). Where a petitioner "has failed to develop the factual basis of a claim in State court proceedings," a district court cannot hold an evidentiary hearing unless the petitioner shows that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the [petitioner] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). He must also show that his claim relies on either "(i) a new rule of constitutional law, made retroactive to cases on collateral review by the

Supreme Court, that was previously unavailable; or "(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence." Id. § 2254(e)(2)(A). Petitioner has not met the requirements of § 2254(e)(2). See Williams v. Roper, 2007 WL 1018638, at *8-9 (E.D. Mo. March 30, 2007).

## CONCLUSION

Petitioner's habeas action was not filed within the statute of limitations and equitable tolling of the limitations period is not warranted.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for leave to file the supplemental pleadings submitted with his motion for leave is **GRANTED**. [Doc. #37]

**IT IS FURTHER ORDERED** that the petition of Albert Hudson for federal habeas corpus relief is **DISMISSED** as time-barred.

**IT IS FURTHER ORDERED** that a Certificate of Appealability shall not issue in this case. The Court does not believe that reasonable jurists might find the Court's assessment of the procedural issues in this case debatable or wrong, for purposes of issuing a Certificate of Appealability under 28 U.S.C. § 2253(c)(2). See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000) (setting forth the standard for issuing a certificate of appealability); Langley v. Norris, 465F.3d 861, 862-63 (8th Cir. 2006) (same).

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of April, 2007.